MARY GILE *vs.* NEW HAMPSHIRE GAS AND ELECTRIC CO.

AND

HAROLD H. GILE *vs.* SAME.

York.     Opinion, October 6, 1933.

*Willard & Willard,*
*Elmer J. Burnham,* for plaintiffs.
*Sewall & Waldron,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J. Two cases are here treated together. Both are actions for damages for alleged negligence on the part of the defendant, a corporation which furnished and installed a new part, in place of one that had been worn out, in an electrically impelled clothes wringer attached to and used with a washing machine in domestic service.

Mary Gile, plaintiff in the one case, suffered painful injury while wringing clothes, as one of her hands was caught and jammed between the rolls of the wringer.

The other plaintiff is the husband of Mrs. Gile, who sues for expense incurred in caring for his wife in the attempt to restore her to normal condition.

After the close of taking of testimony in both cases motions for directed verdict for defendant were denied and exceptions were taken. Verdicts resulted for plaintiffs and motions for new trials, on the grounds usually alleged, were filed and subsequently motions were filed for new trials, on the ground of newly discovered evidence.

In the fall of 1925, the husband purchased of a local electric power distributing company, the predecessor of defendant, a washing machine to which was attached an electrically impelled wringer. In October of 1930 he engaged defendant to provide and install a new roll.

The aperture between the rolls could be regulated by a thumb screw in the top of the frame, which bore on a spring resting on either end of the upper roll.

The mechanism further included a releasing lever, which when operated allowed the upper roll and gears to rise, affording a considerable opening between the rolls.

Within four weeks after the new lower roll was installed by defendant the wife reported to her husband that the wringer was not working, and; as he testified, "I looked and found the spring bar on the top of the rolls out of position. I picked it up with my fingers and juggled it round and set it back in position after releasing the screw, releasing that screw on top, and when I got the spring back in position and set it down and adjusted it I finished wringing the clothes."

The spring bar, when tension was off would protrude into or through the housing over the end of the upper roll and prevent roll and gears from rising.

Some month or two later the same difficulty arose, and again the husband adjusted the machine. Defendant was called to put the machine in working order, and one of its men took the wringer away and later returned and put it back on the washing machine.

At intervals, through the winter and spring Mrs. Gile had similar experiences with the wringer.

She testified she notified defendant of the situation, but that nothing was done to the machine, other than by herself or her husband.

Late in May of that year, while Mrs. Gile was wringing sheets, a finger of her right hand was caught in the wringer. She failed to control or stop the machine until her hand was pulled in, next the gears, and seriously injured.

Defendant can be held to pay damages in either suit only if it is shown to have been negligent in performing a duty which it owed to the wife; and if it is shown that in operating the machine on the day of the injury she was guilty of no negligence.

The machine was old, and so worn that renewal of parts was an evident necessity.

Defendant had made one renewal and an attempt to adjust the mechanism after the renewal.

At intervals, probably numerous, for a period of seven months the wife had turned on the electric current and attempted to operate the machine. Despite repeated experiences of the jamming, and stopping of the machine, she imprudently presented her fingers so near to the rolls that her hand was caught between them, with the sheet; she was unable to "release," the upper roll, and injury was inescapable. She does not claim that she tried the release before beginning operations.

She was clearly negligent, and neither plaintiff is entitled to damages.

*Exceptions sustained, and new trials granted.*